IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMBERLY THOMAS WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:20-cv-14-WKW-WC |
| ) | |
| MONTGOMERY COUNTY ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6).  Pending before the court is Defendant's *Motion to Dismiss* (Doc. 8) and brief in support (Doc. 9), to which Plaintiff filed a response (Doc. 12), and Defendant filed a reply (Doc. 13).

**II.   STANDARD OF REVIEW**

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008).  A review of the sufficiency of a plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th

Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). When determining whether to dismiss an action, "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). In order to state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, which requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A pleading is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a

2

defendant's liability, however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the claims alleged in the complaint, then the claim is "plausible" and the motion to dismiss should be denied and discovery in support of the claims should commence. *Twombly*, 550 U.S. at 556. But, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Ultimately, in assessing the plausibility of a plaintiff's claims, the court is to avoid conflating the sufficiency analysis with a premature assessment of a plaintiff's likelihood of success because a well-pleaded claim shall proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted). A *pro se* plaintiff is still required to include allegations for each material element

3

of his claims, and bare legal conclusions are insufficient. *Sanford*, 2012 WL 5875712, at *2 (citing *Davilla v. Delta Air Lines,* 326 F.3d 1183, 1185 (11th Cir. 2003); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (stating that "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel")). Accordingly, a plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## III.  DISCUSSION

On January 8, 2020, Defendant Montgomery County Commission removed this case from the Circuit Court of Montgomery, County, Alabama. Doc. 1. On January 20, 2020, the Defendant filed a motion to dismiss in this case, arguing that the case is due to be dismissed because the two-paragraph *pro se* Complaint does not meet the pleading requirements of the Federal Rules of Civil Procedure and Plaintiff failed to state a claim upon which relief may be granted. *See* Doc. 9.

The court finds that Plaintiff's two-paragraph complaint arguably meets the criteria of a "shotgun" complaint "in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and that Plaintiff wholly failed to articulate specific causes of action or claims for relief that are separated into different counts. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). On January 31, 2020, Plaintiff filed her response to Defendant's motion to dismiss in which she provides approximately five pages of additional facts and allegations;

4

however, because they were not contained within her Complaint, they are not properly before the court.[1] *See Heald v. Ocwen Loan Serv., LLC*, 2014 WL 4639410, at *4 (M.D. Fla. 2014) (finding that argument contained in a response to a motion to dismiss that was not raised in the complaint is not properly before the court) (citing *Huls v. Llabona,* 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

Although the Defendant filed its motion as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the more appropriate remedy would have been to move the court pursuant to Rule 12(e). "A defendant faced with a complaint such as [Plaintiff's] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson*, 77 F.3d at 366. Rule 12(e) states, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Therefore, to the extent the Defendant argue that Plaintiff's Complaint fails to comply with the federal pleading requirements, the undersigned construes Defendant's motion as a Motion to Dismiss or in the Alternative for a More Definite Statement under Rule 12(e). *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to

---

[1] On February 11, 2020, Defendant filed a reply brief in which they assert that if the court were to construe Plaintiff's response as an Amended Complaint, they move to dismiss it with the additionally argument contained in the reply. However, as stated, the facts asserted in Plaintiff's response are not properly before the Court, therefore, it declines to construe the response or address Defendant's additional arguments raised in its reply.

"dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Family Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (finding that rather than granting a motion to dismiss, "the better course is to require a more definite statement [. . .] to cure the deficiencies that make it a 'shotgun' pleading."). Accordingly, the undersigned finds that Defendant's construed motion for a more definite statement is due to be granted, and the motion to dismiss is due to be denied in all other respects.

Plaintiff is cautioned that her amended complaint is required to comply with Federal Rules of Civil Procedure, which provides that:

> **Claim for Relief**. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> [. . .]
>
> **Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .] If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 8(a) and 10(b).  The Plaintiff shall conform her claims to the pleading requirements setting forth each claim individually, the facts necessary to support the claims, and the relief/damages sought. *See Anderson*, 77 F.3d at 366 ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.").

The Plaintiff is *cautioned* that this is her final chance to properly articulate her claims, and her failure to remedy the defects may result in dismissal of the case with prejudice on shotgun pleading grounds. *See* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed [. . .], the court may strike the pleading or issue any other appropriate order.")

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1) Defendant's *Motion to Dismiss* (Doc. 8) is due to be construed as a Motion to Dismiss or, in the Alternative, for a More Definite Statement; and

(2) Defendant's construed *Motion to Dismiss or, in the Alternative, for a More Definite Statement* (Doc. 8) is GRANTED to the extent it seeks a more definite statement and DENIED to the extent it seeks dismissal of the Complaint.

It is further ORDERED that on or before **May 26, 2020**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive, or general

7

objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 11th day of May, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE