IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMBERLY THOMAS WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-14-WKW-KFP |
| ) | |
| MONTGOMERY COUNTY ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Montgomery County Commission's Motion to Dismiss (Doc. 20) and brief in support (Doc. 21). Plaintiff Tamberly Thomas White responded to the motion (Doc. 26). The District Judge has referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.A. § 636 for further proceedings and determination or recommendation as may be appropriate. Docs. 6, 17. The Defendant's motion is fully briefed and is ripe for recommendation to the United States District Judge.

**I.     PROCEDURAL HISTORY**

On January 8, 2020, Defendant removed this case from the Circuit Court of Montgomery County, Alabama. Doc. 1. On January 20, 2020, Defendant filed a motion to dismiss, arguing that the two-paragraph pro se Complaint did not meet the pleading requirements of the Federal Rules of Civil Procedure, and Plaintiff failed to state a claim upon which relief may be granted. *See* Doc. 9. In response to the Show Cause Order, Plaintiff

filed a five-page document titled "Cause," which set forth additional factual allegations. Doc. 12. Because the allegations contained in the Cause document were not made a part of the Complaint, the Court could not consider the additional factual assertions in resolving the Motion to Dismiss. Doc. 16 at 3-4.

The Court concluded that the Complaint is a shotgun pleading and ordered Plaintiff to amend, advising that the Cause document could not be considered as it is outside the Complaint. Doc. 16. The Court set forth portions of the Rule 8(a) and Rule 10(b) pleading requirements in instructing Plaintiff to amend. Plaintiff was cautioned that her amended complaint is required to comply with Federal Rules of Civil Procedure and that the amended complaint would be "her final chance to properly articulate her claims." *Id*. at 16. The consequences of noncompliance were unequivocal: "failure to remedy the defects may result in dismissal of the case with prejudice[.]" Doc. 16 at 7.

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

Finally, when considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13CV0482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). A court also cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott,* 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 566 U.S. at 681). Moreover, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989)).

### III.     DISCUSSION

Plaintiff's Amended Complaint alleges one cause of action: "Violation of Title VII Race and Constructive Discharge." Doc. 19. It appears Plaintiff attempts to assert a claim for a racially hostile work environment in violation of Title VII. As explained below, the pleading does not state a legally plausible claim.

The facts of the Amended Complaint, which are taken as true in considering the Motion to Dismiss, show the following:

Plaintiff, who is black, worked for Defendant from July 2018[1] until her resignation in April 2019 as a Revenue Examiner in the Tax & Audit Department.[2] At some mostly unidentified time(s), Plaintiff was "disparaged, harassed, and demeaned" by her white manager Terri Henderson (and/or an unnamed person(s) identified as "Defendant"). Plaintiff's character was disparaged when Defendant gave a false impression to others, who are not identified, that Plaintiff needed remedial training for failure to perform her work. The challenged conduct also included shouting, yelling, and eye rolling. Plaintiff was required to conduct more field visits than a white male and a white female, and this increased her workload. Defendant (again, presumably, Henderson) engaged in "aggressive oversight" about Plaintiff's whereabouts during the workday by "constantly" asking Plaintiff's supervisor Courtney Oates about Plaintiff's location despite having directed Plaintiff to

---

[1] The Amended Complaint alleges Plaintiff began her employment on July 9, 2019. Doc. 19 at ¶ 5. This date, though, is after the date on which she alleges she complained of harassment (April 19, 2019). *Id*. at ¶ 14. It appears that the year, 2019, is a scrivener's error and that Plaintiff began her employment with Defendant on July 9, 2018 as stated in her initial Complaint. Doc. 1.

[2] According to the Complaint, Plaintiff resigned on April 23, 2019. Doc. 1. The Amended Complaint asserts only that she resigned, but not when. Doc. 19 at ¶¶ 15, 27.

conduct more field visits out of the office. Additionally, at some point, the time period during which Plaintiff was to complete an Itinerary Report and the separate Productivity Report was shortened by three hours. It is unclear from the Amended Complaint what the precise distinction was between her reporting demands and those placed on her white colleagues. It seems that Plaintiff prepared both the Itinerary and Productivity Reports in the shortened period, while her white colleagues each prepared only an Itinerary Report in that same time frame. But, Plaintiff acknowledges her white colleagues "were required to complete a Productivity Report in the same manner that [she] performed[,] but they were never compelled."

After Plaintiff complained about the harassment, her mistreatment worsened. Plaintiff does not provide any factual enhancement to describe how the conduct changed. Plaintiff wanted out and requested other department managers accept her as a transfer employee to their departments. No manager accepted her request "because they didn't w[ant] to bump heads" with Henderson. As a result of the alleged treatment, Plaintiff felt forced to resign "because of [her] health."

## Plaintiff Has Not Stated a Plausible Claim for Racially Hostile Work Environment

"[I]n order to establish a hostile work environment claim, a plaintiff must show that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations omitted).

5

Plaintiff alleges she, unlike her white colleagues, had to prepare Incident and Productivity reports in a shorter amount of time and that she had to conduct more field visits over some unspecified period of time between her hire in July 2018 and her resignation in April 2019. Plaintiff acknowledges that her white colleagues were required to complete both types of reports, but they "were never compelled" to do so. She applies labels to other conduct to which she fell victim—e.g. disparaged, harassed, and demeaned—but she fails to describe what was actually said or done, when it was said or done, and how whatever was said or done was *because of* her race. While the alleged comparators may support an inference that Plaintiff's race could be connected to the more burdensome reporting demands that occurred at some point and increased field visits to which she was subjected sometime, the other purported conduct bears no such racial connection based on the factual allegations of the Amended Complaint. Without a connection to race, Plaintiff does not take the first step to plausibly claim the conduct about which she complains was motivated her race. *See Smith v. Lockhead Martin Corp.*, 644 F.3d 1321, 1329 (11th Cir. 2011) (holding that the plaintiff in a Title VII employment discrimination case must present "circumstantial evidence that creates a triable issue concerning the [defendant's] discriminatory intent").

Additionally, facing some increased workload or additional tasks alone will not support an actionable claim. *See Corbett v. Beseler*, 635 F. App'x 809, 816 (11th Cir. 2015) ("Title VII is not a general civility code; ordinary tribulations of the workplace . . . cannot form the basis of a claim for actionable harassment or hostile work environment. Instead, conduct must be extreme to amount to a change in terms and conditions of employment. Title VII is not a shield against harsh treatment in the workplace; personal animosity is not the

6

equivalent of discrimination.") (internal quotation marks and citations omitted). Plaintiff characterizes the environment as "hostile" and alleges she suffered "harassment," but labeling the working environment as racially hostile as Plaintiff has done, without more factual enhancement, is insufficient to state a plausible claim. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (The court "[is] not . . . required to accept the labels and conclusion in the complaint as true."); *Washington v. Util. Trailer Mfg. Co.*, No. 1:13-CV-610-WEF, 2014 WL 2831189, at *5 (M.D. Ala. June 23, 2014) ("The Court cannot evaluate the plausibility of Plaintiffs' racial harassment claim based on the [applicable] standards . . . until, as requested by this Court repeatedly now, Plaintiffs give examples of when the statements are alleged to have been made, or by whom, or to whom, or where and approximately how frequently and over what time period.") (internal quotations and citations omitted).

Even if Plaintiff's allegations were sufficient to infer all of the alleged maltreatment was perpetrated because of her race, Plaintiff's Amended Complaint would still need more factual heft, including facts indicating the harassment she suffered plausibly reaches the severe or pervasive threshold. *McCray v. Auburn Univ. Montgomery*, No. 2:11-CV-714-WHA, 2011 WL 6140993, at *2 (M.D. Ala. Dec. 8, 2011) ("[T]o plead a hostile work environment claim the plaintiff is 'required to allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct

7

liability.'") (quoting *Edwards*, 602 F.3d at 1300)). While Plaintiff is not required to plead every fact of a prima facie case, at a minimum, she must assert facts demonstrating the material elements are plausible. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) ("A Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination."); *see also Some v. Honda Mfg. of Ala., LLC*, No. 2:18-CV-2120-TMP, 2019 WL 1466240, at *5 (N.D. Ala. Apr. 3, 2019) ("Although at the Rule 12 dismissal stage the plaintiff need not specifically plead every element of her claim, the complaint must contain direct or inferential allegations respecting all the material elements necessary to sustain a recovery.") (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

In determining if Plaintiff has stated a plausible hostile work environment claim, the Court disregards the conclusions in the Amended Complaint and considers whether the facts alleged support more than speculation that the conduct supporting the claim was severe or pervasive. "[A] plaintiff must establish not only that he or she subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive." *Richardson v. Alagasco, Inc.*, No. 7:13-CV-01950-SLB, 2014 WL 3727231, at *5 (N.D. Ala. July 21, 2014) (citing *Mendoza*, 195 F.3d at 1246; *Faragher*, 524 U.S. at 788). The totality of the circumstances is assessed in evaluating how a reasonable objective person would perceive the alleged conduct, including considering of the following:

> (1) the frequency of the conduct; (2) its severity; (3) whether it was physically threatening or humiliating; and (4) whether it unreasonably interfered with [the plaintiff's] work performance. . . . However, teasing, offhand comments, and isolated incidents do not constitute discriminatory changes in the terms, conditions, or privileges of employment. To the contrary, the workplace must be permeated with discriminatory intimidation, ridicule, and insult.

*Greywoode v. Sci. Applications Int'l Corp.*, 943 F. Supp. 2d 1355, 1373 (M.D. Ala. 2013) (internal quotations and citations omitted); *see also Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248–49 (11th Cir. 2014).

The allegations of the Amended Complaint do not suggest the alleged treatment (e.g. increased reporting constraints and more field work) occurred frequently, was severe, was threatening to Plaintiff, or that it unreasonably interfered with her job performance. Plaintiff does allege that she suffered stress and headaches because "Defendant . . . spoke to [her] in a demeaning manner and would disparage [her] character, [giving] the false perception" she was not performing her job and needed remedial training, but that kind of generic criticism or ridicule, albeit perhaps unkind and better suited for a private conversation, is not the type of conduct that will nudge her claim forward. *See Carroll v. Lear Corp.*, No. 2:18-CV-495-WKW-WC, 2020 WL 1899091, at *21 (M.D. Ala. Jan. 6, 2020), *report and recommendation adopted,* No. 2:18-CV-495-WKW, 2020 WL 689513 (M.D. Ala. Feb. 11, 2020) ("Job performance criticism from a supervisor or manager is a common vicissitude on life in the working world, even if harsh or unjustified" and Title VII does not "ensure a workplace free of stress or criticism.").

Similarly, Plaintiff's nondescript allegations of shouting, yelling, and eye rolling to which Plaintiff was subjected at some unspecified point(s) over the course of her employment

9

do not have the necessary factual enhancement. Much more egregious and specific conduct has been held insufficient to support a finding of severe or pervasive conduct. *See, e.g. Guthrie v. Waffle House*, Inc. 460 F. App'x 803, 807 (11th Cir. 2012) (dozens of derogatory comments over an eleven-month period insufficient severe and pervasive); *Richardson*, No. 7:13-CV-01950-SLB, 2014 WL 3727231, at *5 (holding Plaintiff did not allege severe or pervasive conduct where Plaintiff alleged "(1) he was denied overtime; (2) he was denied a promotion; (3) when he interviewed for the dispatcher position, he was told that 'some people are more office prone than others' and '[i]f I decide to give you that position, I want you in there sitting on your ass, not running around talking'; (4) his routes were changed; (5) he had to read meters by flashlight; and (6) defendant caused cameras to watch him[,but] Plaintiff has not alleged that any of these actions occurred because of his race. In addition, . . . the actions complained of by plaintiff were not 'sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment.'"). For example, Plaintiff does not allege what was said, when or how frequently it was shouted or yelled, or who perpetrated these unpleasant actions. Presumably, it was Henderson who shouted something, yelled at some point, and gave Plaintiff the eye roll, but the "who" is not clear from the face of the pleading and getting to Henderson as the actor requires a factual leap. These allegations are the type often characterized as "naked assertions" falling short of the pleading standard—inflammatory words left without the fabric of facts to patch them into the context of the claim. The Court cannot on its own mend those factual holes. Plaintiff fails to plead factual allegations to support a plausible inference that the harassment was based on

10

a protected characteristic and was severe or pervasive. *Iqbal*, 556 U.S. at 678 (A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face.").

## Plaintiff Has Not Stated a Constructive Discharge Claim

Finally, other than the title of her heading "Violation of Title VII-Race And Constructive Discharge," Plaintiff does little to assert a constructive discharge claim. Plaintiff alleges she resigned, was "forced to quit," and left her employment because of her health and "due to the harassment," but she fails to elaborate further or establish a factual (or legal) basis for the claim. For the same reasons she has not plausibly established severe or pervasive conduct, she also has not stated a constructive discharge claim. *See Zarza v. Tallahassee Housing Auth.*, 686 F. App'x 747, 753 (11th Cir. 2017) ("Because [plaintiff] has not shown that the mistreatment directed toward him rose to the level necessary to sustain a hostile work environment claim, his constructive discharge claim also fails."); *Alhallaq v. Radha Soami Trading, LLC,* 484 F. App'x 293, 298 (11th Cir. 2012) ("[E]stablishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim, and, as discussed above, her hostile work environment claim was properly dismissed). "The [constructive discharge] doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Green v. Brennan*, 136 U.S. 1769, 1777 (2016). Plaintiff's allegations do not state a plausible claim that a reasonable person in her position would have felt compelled to resign. *See id.*

## IV. CONCLUSION

The Court has previously given Plaintiff direction and opportunity to amend and state factual allegations that support her claim. Despite the Court's directives, Plaintiff's Amended Complaint lacks sufficient factual allegations to move her claim to the next phase of litigation. Plaintiff is pro se, but she is not absolved from satisfying the pleading standards. *Cobb v. Ala. Dept. of Human Res.*, 2010 WL 2079872, at *2 (M.D. Ala. Apr. 30, 2010) ("Although Plaintiff is pro se, she is not entitled to the Court's repeated indulgence of alerting her to deficiencies in her pleadings and granting her leave to amend to correct such deficiencies."). However, the Court is also aware that a pro se litigant is held to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). For this reason, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. Defendant's Motion to Dismiss (Doc. 20) be DENIED; and

2. Plaintiff be allowed a final opportunity to amend her Complaint to address the deficiencies noted in this Recommendation within fourteen days of the District Judge's Order on this Recommendation.

Further, it is

ORDERED that **on or before November 23, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of November, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE