IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMBERLY THOMAS WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:20-CV-14-WKW-KFP ) |
| MONTGOMERY COUNTY COMMISSION, | ) ) ) ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Montgomery County Commission's Motion to Dismiss (Doc. 30) and brief in support (Doc. 31). The Court ordered Plaintiff Tamberly Thomas White to show cause why the motion should not be granted (Doc. 32), but she failed to file anything in response to the motion.

**I.    PROCEDURAL HISTORY**

On January 8, 2020, Defendant removed this case from the Circuit Court of Montgomery County, Alabama. Doc. 1. On January 20, 2020, Defendant filed a motion to dismiss, arguing that the two-paragraph pro se Complaint did not meet the pleading requirements of the Federal Rules of Civil Procedure, and Plaintiff failed to state a claim upon which relief may be granted. Doc. 8. In response to the Show Cause Order, Plaintiff filed a five-page document titled "Cause," which set forth additional factual allegations. Doc. 12. Because the allegations contained in the Cause document were not made a part of

the Complaint, the Court did not consider those additional factual assertions in resolving the motion to dismiss. Doc. 16 at 3-4.

The Court concluded that the Complaint is a shotgun pleading "in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and, accordingly, an opportunity to replead to cure the deficiency was necessary. Docs. 16. Therefore, the Court recommended that Defendant's Motion to Dismiss be construed as a Motion for More Definite Statement and be granted. *Id.* The Recommendation was adopted. Doc. 17. To guide the repleading, the Court set forth in the Recommendation portions of the Rule 8(a) and Rule 10(b) pleading requirements. Plaintiff was cautioned that her amended complaint was required to comply with Federal Rules of Civil Procedure and that the amended complaint would be "her final chance to properly articulate her claims." Doc. 16 at 6–7. She was warned of the consequences of noncompliance: "failure to remedy the defects may result in dismissal of the case with prejudice[.]" *Id.* at 7.

After the Recommendation was adopted, the Court ordered Plaintiff to file her amended complaint by July 1, 2020, and to cure the deficiencies presented in Defendant's motion to dismiss briefing and the Court's Recommendation. Again, she was "*cautioned that this [would be] her final chance to properly articulate her claims, and her failure to remedy the defects may result in dismissal of the case with prejudice on shotgun pleading grounds.*" Doc. 18.

Plaintiff did file an Amended Complaint on July 1, 2020. Doc. 19. That pleading contained 15 paragraphs of facts, and one count at the end labeled "Violation of Title VII -

Race and Constructive Discharge." *Id.* at 1–4. Plaintiff also incorporated her EEOC Charge into the pleading. *Id.* at 5. Defendant moved to dismiss. Docs. 20, 21. The Court entered an order on July 14, 2020, directing the Plaintiff to show cause on or before July 28, 2020, why the Defendant's Motion to Dismiss should not be granted. Doc. 22. Plaintiff never filed a response to the Court's order.

Thereafter, on September 1, 2020, the Court entered an order acknowledging that the Plaintiff had failed to file a response to the prior show cause order. Doc. 24. Plaintiff was again ordered to show cause in writing on or before September 11, 2020, why the Defendant's motion to dismiss should not be granted. *Id.* The order required Plaintiff to address each issue raised by the Defendant in its motion to dismiss and state why the case should not be dismissed. Finally, the Court "CAUTIONED that, should she fail to respond to Defendant's motion or fail to comply with this Order, the Magistrate Judge will recommend that this case be dismissed." *Id.*

In response, Plaintiff filed a document titled "Cause" making additional factual assertions and including additional legal conclusions and labels. Doc. 26. The Court held Plaintiff's Amended Complaint remained deficient. She failed to state a plausible claim (for racially hostile work environment or constructive discharge, the apparent attempted causes of action, *see* Doc. 19), and the pleading could not survive Defendant's motion. Docs. 27, 28. Notwithstanding the prior warnings and admonitions, the Court granted Plaintiff one last opportunity to put her claims before the Court and file a compliant pleading. Doc. 28. Again, the Court provided a detailed explanation as to why Plaintiff's prior pleading failed and what the Rules required. Doc. 27. The Court made clear that no future failure to adhere to the

pleading rules would be permitted. Docs. 27, 28. The Magistrate Judge recommended Plaintiff be allowed "a final opportunity to amend her complaint to address the deficiencies noted" in the Recommendation, and the Recommendation was adopted. Docs. 27, 28.

Yet, again, Plaintiff has flouted the Court's directives (e.g., she filed nothing in response to the show cause order, Doc. 32, on Defendant's Motion to Dismiss), and she has disregarded the Rules with the last filing. Plaintiff's operative "pleading" (Doc. 29) cannot survive Defendant's Motion to Dismiss. This time, Plaintiff filed a document entitled "Answer" and, presumably, this is what she intended as her Second Amended Complaint. Doc. 29. This "Answer" filing is nearly identical to one of her prior "Cause" filings. *Compare* Doc. 12 *with* Doc. 29. The five-page document sets forth in uninterrupted prose 25 paragraphs[1] of factual content. The document concludes with a set-off section of three final paragraphs beginning with the word "CAUSE" and including buzz words "racial discrimination," "hostile work environment," and "retaliation" and a reference to Title VII.

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A

---

[1] It is difficult to even count the paragraphs in Plaintiff's document, as there are no clear set-offs for paragraphs and several formatting irregularities in the document. The Court has done its best to interpret the intended structure of this filing. The need for this kind of interpretive gymnastics highlights the pleading deficiencies described in this Recommendation.

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008). However, all litigants, pro se or not, must comply with the Federal Rules of Civil Procedure.

## III. DISCUSSION

It appears Plaintiff attempts to assert a claim under Title VII for race discrimination and/or racially hostile work environment, and retaliation, and perhaps also for constructive discharge. However, deciphering the types of intended causes of action requires some guesswork because Plaintiff has again filed a shotgun pleading. At this stage, it must now be dismissed.

Plaintiff's Second Amended Complaint is a shotgun pleading of several types. As the Eleventh Circuit has explained, these pleadings "'are flatly forbidden by the spirit, if not the letter, of these rules' . . . . We have 'little tolerance' for them." *Barmapov v. Amuial*, No. 19-12256, -- F.3d. --, 2021 WL 359632, at *2 (11th Cir. Feb. 3, 2021) (quotation and citation omitted). The *Barmapov* court identified four varieties of this kind of offensive pleading.

> The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id*. at 1323. And

> the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*.

2021 WL 359632, at *3 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015)).

Plaintiff's Second Amended Complaint suggests she intended multiple causes of action, as suggested by her "Cause" paragraph where she cites Title VII and concludes she "was discriminated against" and "subject to a hostile work environment" and suffered from "retaliation." Without distinction, Plaintiff apparently relies upon every preceding paragraph of the five-page document for these claims. Thus, the Second Amended Complaint is the first type of prohibited shotgun pleading.

The Second Amended Complaint also carries the telltale characteristics of the second type because it relies upon "conclusory, vague, and immaterial facts" that are not readily connected to a cause of action. For example, she alleges "the turnover rate for the Tax & Audit Department is remarkably high compared to the other departments" and alleges she was unaware of this high rate at the time she accepted employment. How or why the turnover rate in the department relates or is connected to the claims she attempts to present is not clear. Plaintiff alleges that she "spoke with one of the Commissioner[s]" and "informed him in detail of me working in a discriminative and hostile work environment [sic,]" but the basis of or actual details of that complaint are not set forth. Plaintiff alleges that her manager advised that she must "have some improvements [or] [the manager] would have to take further steps[,]" which Plaintiff interpreted as a threat to her job just "as [the manager] had

6

done to the two black clerks the prior week." Yet, it remains a mystery what threat to her employment was made, the identity of the referenced clerks, how or when these clerks faced job threats that were like the vague statement Plaintiff alleges, or how any of that might relate to an actionable claim (e.g., prohibited racially motivated action). Immaterial, vague, conclusory allegations like these are riddled throughout the five-page document.

Finally, and most fatal, the Second Amended Complaint is the third type of forbidden pleading because the five-pages chronicling Plaintiff's employment with Defendant fail altogether to make any delineation among her intended causes of action. Indeed, the Court (and Defendant) must guess exactly what claims she intends—race discrimination, racially hostile work environment, constructive discharge, and/or retaliation. This type of guesswork is one of the reasons shotgun pleadings are prohibited. *See Barmapov*, at *2 ("The 'self-evident' purpose of these rules is "'to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading.'") (quotation and citation omitted).

Because Plaintiff has once again filed a shotgun pleading, and she has now had several opportunities to file a proper pleading, dismissal is both appropriate and necessary. *Id.* ("Besides violating the rules, shotgun pleadings also waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.") (quotation and citation omitted); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772–73 (11th Cir. 2020) (affirming dismissal of shotgun pleading where "The district court provided him with ample warning of his complaints' deficiencies and repeatedly gave him the opportunity to address the deficiencies.

He chose not to do so.."); *Weil v. Phillips*, 816 F. App'x 339, 342 (11th Cir. 2020) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies. . . . In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [the plaintiff] to replead the case.... This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or . . . dismiss his case . . . .") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks and citations omitted)). As the Court explained in the prior Recommendation, Plaintiff's pro se status does not excuse her from the Rules of Civil Procedure. *See, e.g. Cobb v. Ala. Dept. of Human Res.*, 2010 WL 2079872, at *2 (M.D. Ala. Apr. 30, 2010) ("Although Plaintiff is pro se, she is not entitled to the Court's repeated indulgence of alerting her to deficiencies in her pleadings and granting her leave to amend to correct such deficiencies.").[2]

---

[2] Digging through the shotgun pleading to identify specific facts and ignore conclusions and labels is laborious. Indeed, piecing together possible claims dusted throughout the shotgun pleading would require the Court do what it cannot: serve as "'de facto counsel for [Plaintiff], or . . . rewrite an otherwise deficient pleading in order to sustain an action.'" *Weil*, 816 F. App'x at 341 (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) (citation omitted). Recognizing, however, that an explanation beyond the surface-level procedural fatalities can be informative for a litigant proceeding without counsel, the Court makes this additional point. While the shotgun pleading ground is sufficient basis for dismissal, Plaintiff also fails to state a plausible claim for race discrimination, hostile work environment, retaliation, or constrictive discharge for the reasons noted in the prior Recommendation, and she has failed to allege protected activity for a retaliation claim (e.g., a complaint about *racial* discrimination or harassment rather than unpleasant work circumstances) or adverse action (e.g., something more than perceived slights or upsetting annoyances). *See* Doc. 27.

## IV.   CONCLUSION

The Court has previously given Plaintiff directions and opportunities to amend in a manner compliant with the Federal Rules of Civil Procedure. Despite the Court's directives and plentiful opportunities, Plaintiff's latest attempted pleading fails to adhere to the Rules, and her claims cannot move to the next phase of litigation.

Accordingly, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Doc. 30) be GRANTED and Plaintiff's "Answer," which the Court interprets as her Second Amended Complaint, be DISMISSED WITH PREJUDICE.

It is further

ORDERED that on or before **March 2, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33

(11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE